# Koller *v*. Metropolitan Life Insurance Company, Appellant.

*Evidence—Witness—Contradiction of party's own witness.*

1. Where a party summons a witness in the expectation, from statements made by the witness, that he would testify in a particular manner, and the witness fails to do so, the party may call other witnesses to show that the witness in question had contradicted himself.

2. Where, in an action on a life insurance policy, a physician testifies indefinitely as to the time he attended the insured, and as to the reasons for his conclusions, it is for the jury to say whether or not his conclusion was justified, and in any event the question of veracity is for them.

Argued April 29, 1909. Appeal, No. 134, April T., 1909, by defendant, from judgment of C. P. No. 4, Allegheny Co., Third Term 1907, No. 940, on verdict for plaintiff in case of Barbara Koller v. Metropolitan Life Insurance Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before SWEARINGEN, P. J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in refusing binding instructions for defendant, and in overruling motion for judgment non obstante veredicto.

*W. K. Jennings*, with him *D. C. Jennings*, for appellant, cited: U. B. Mut. Aid Society v. O'Hara, 120 Pa. 256; March v. Life Ins. Co., 186 Pa. 629; Lutz v. Life Ins. Co., 186 Pa. 527.

*George E. Alter*, with him *Charles H. McKee, H. Walton Mitchell, Gifford K. Wright* and *Alexander J. Barron*, for appellee, cited: Cowden v. Reynolds, 12 S. & R. 281; Lautner v. Kann, 184 Pa. 334.

OPINION BY BEAVER, J., October 11, 1909:

Plaintiff recovered below upon a policy of insurance issued upon the life of her son. The case was twice tried. A compulsory nonsuit was granted at the first trial and, upon the granting of a new trial, recovery was had for the amount of the policy. The court refused binding instructions and afterwards declined to enter judgment non obstante. The assignments of error relate to the refusal of the point for binding instructions and the motion for a new trial for judgment non obstante veredicto. The points for charge of both the plaintiff and defendant were refused. The charge of the court covered the entire case and, taken in connection with the testimony, convinces us that the case was properly left to the jury.

Accompanying the proof of death of the insured were the affidavits of two physicians, Dr. Atkinson and Dr. Kirk, in which it was stated that they had attended the deceased within the time during which he stated in his application for insurance that he had not been attended by a physician. The answers to interrogatories in the application being declared to be a warranty, the facts contained in the affidavits of these physicians became of the first importance. Dr. Atkinson frankly testified that his affidavit was based upon a mistake of his as to the identity of the person to whom the affidavit referred, that it

was not the deceased whom he had attended or for whom he had prescribed, but his brother. Dr. Kirk's recollection was not distinct as to time. In the affidavit he fixed it between 1900 and 1905 and, upon ·his examination, thought that it must have been the deceased for whom he prescribed, because the brothers, for whom he had also prescribed, were dead. The testimony of these physicians was offered by the plaintiff, who called a witness for the purpose of contradicting Dr. Kirk, based upon a conversation which he had with the doctor as to his testimony in regard to the identity of the insured and the time at which he had prescribed for him, the conversation being had in a specific inquiry on behalf of the plaintiff as to what the doctor's testimony at the trial would be upon that subject. The question asked and the response thereto given are contained in a single answer of the witness, in which he said: "The question was: 'What you will have to state is whether or not you attended him between April 23rd, 1903, and April 24th, 1905.' And he answered it: 'Well, I can't state that, because I don't know.'" A question of fact was thus clearly raised and the correctness of the doctor's recollection put in issue.

It is claimed by the defendant that the plaintiff had no right to introduce testimony for the purpose of contradicting his own witness. The court clearly pointed out the exceptional character of this attempt. He says: "The witness, Dr. Kirk, was called by the plaintiff. It is my duty to say to you that, when a party calls a witness to the witness stand, he thereby certifies to the jury that the witness is worthy of belief. He cannot afterwards attack the witness on the ground that his testimony is unworthy of belief, and usually he is bound by the testimony of the witness. I say usually, because that is ordinarily the case. There is an exception to that, however, and that is when a party has been in some way misled by the testimony which he thinks the witness may deliver. Now, the plaintiff here alleges that she was misled as to what the testimony of Dr. Kirk would have been and, in proof of that, she has called to the witness stand Mr. Barron, who, in company with her counsel, visited Dr. Kirk a few weeks ago and inquired of him whether or not he had actually attended Frank

Koller, the deceased, between April 23rd, 1903, and April 24th, 1905, and that Dr. Kirk had replied that he did not know; that he could not say, because he did not know. Now, there is the situation. There is the testimony which you have to consider upon that, recollecting that the burden is upon the plaintiff to establish her case by the weight of the evidence." This, as we understand it, is a correct statement of the law and practice in regard to this subject. Cowden v. Reynolds, 12 S. & R. 281, in which Chief Justice TILGHMAN says:

"The argument, which has been urged against admitting the probate in evidence, is that the party who calls a witness shall not be permitted to discredit him, on finding that .his testimony is against him. To a certain extent this is true—but the rule admits of exceptions. The party who calls a witness shall not be permitted to impeach his general character, because that must be supposed to have been known before he was called; and it is very unfair to call a man of bad character, with a view to avail yourself of his evidence, if it proves favorable, at the same time that you have the means of discrediting him, if it turns out unfavorable. Such conduct is a fraud on the administration of justice, and therefore should not be tolerated. But did the plaintiffs attempt to act such a part? In the first place, it may be remarked, that Joseph Rice could hardly be called the plaintiffs' witness. They did not call him voluntarily—but, being one of the subscribing witnesses, the plaintiffs were forced to call him. But even if he had been strictly the plaintiffs' witness, there was no attempt to impeach his general character, but only to show that he had contradicted himself, and thereby to lessen the force of what he had sworn in court. There is no rule of law against this,—and hard indeed would be the case of one who calls a witness, expecting that he would swear the truth, if, upon finding himself deceived, he may not show that the witness had told a different story at another time. This is not the case of calling a witness known to be of bad character. On the contrary, this witness was supposed to be of good character, but his testimony was a surprise on the plaintiffs; and, even then, the plaintiffs did not offer to prove him of general bad character, but only that he

had contradicted himself. This, undoubtedly, they had a right to do, and therefore this probate ought to have been admitted in evidence."

Even without the testimony of Barron, it seems to us the case was for the jury, the doctor being indefinite in his own testimony as to time and as to the reasons for his conclusions, and it was for the jury to say whether or not his conclusion was justified, and in any event the question of veracity was for them.

The charge of the court below fairly and fully covers the case and we are all of opinion that it should be affirmed.

Judgment affirmed.